IN RE: Dennis T. BABIC, Sr., Debtor.

Andrew W. Suhar, Trustee, Plaintiff,

v.

Ohio Dept. of Taxation,
et al., Defendants.

CASE NUMBER 13–41128
ADVERSARY NUMBER 13–4089

United States Bankruptcy Court,
N.D. Ohio.

Signed March 20, 2014

Andrew W. Suhar, Suhar & Macejko, LLC, Youngstown, OH, for Plaintiff.

Scott & Kathy Hoyt, pro se

Babic and Sons Masonry, LLC, pro se

Brent E. Baker, Manchester Newman & Bennett, LPA, Canfield, OH, Howard S. Rabb, Dworken & Bernstein, Painesville, OH, for Defendants.

## ORDER DENYING BRADSHAW GROUP, LIMITED PARTNERSHIP'S MOTION TO INTERVENE

Kay Woods, United States Bankruptcy Judge

Bradshaw Group, Limited Partnership ("Bradshaw") moves to intervene in this adversary proceeding on the grounds that it has an interest in the real property that is the subject of this action. Andrew W. Suhar, Chapter 7 Trustee, commenced this action to determine the validity, extent and priority of liens and encumbrances against real estate located at 5969 Lake Road (State Route 193), Kingsville, Ashtabula County, Ohio ("Real Property") so that he can sell the Real Property for the benefit of the bankruptcy estate. Through its proposed answer, counterclaim and cross-claim, which is attached to the Motion to Intervene (Doc. 14) as Exhibit A, Bradshaw seeks a declaration that it—rather

than the Debtor—is the sole owner of the Real Property and that the Trustee does not have standing to liquidate the Real Property. For the reasons set forth below, the Court denies the Motion to Intervene.

Mr. Suhar is the Chapter 7 Trustee for the bankruptcy estate of Debtor Dennis T. Babic, Sr., Case No. 13–41128 ("Main Case"). The Debtor scheduled the Real Property on Schedule A to his Petition (Main Case, Doc. 1 at 8). Based on the property records for Ashtabula County, Ohio (Compl., Ex. A) and the Limited Lien Report issued by Chicago Title Agency (Compl., Ex. B), the Debtor holds legal title to the Real Property.

Bradshaw alleges that it is a limited partnership comprised of the Debtor and Serol James Dubin as its two general partners. Bradshaw argues that title to the Real Property was mistakenly placed in the name of the Debtor when the sale of the Real Property closed in September 1999. Bradshaw admits that (i) it discovered the alleged error of the title company in 2004; (ii) a quitclaim deed was prepared to transfer title from the Debtor to Bradshaw; and (iii) the Debtor did not execute or record the quitclaim deed. Although Bradshaw has known for at least ten years that the Real Property is titled to the Debtor, Bradshaw has taken no legal action to correct this alleged error.

Bradshaw wants to intervene so it can file an answer, counterclaim and cross claim to assert that it is the sole owner of the Real Property under the theory that a constructive trust was formed. Bradshaw concedes that the Real Property is not the subject of either an express trust or a prepetition constructive trust.

Because there is no basis for this Court to find that a constructive trust exists, granting the Motion to Intervene would be a useless act.

In *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.)*, 16 F.3d 1443 (6th Cir. 1994), the Sixth Circuit Court of Appeals noted the distinction between an express trust, where a debtor holds property in trust for another, and a constructive trust, which is "a legal fiction, a common-law remedy in equity that may only exist by the grace of judicial action." *Id.* at 1449. The court held:

> [A] claim filed in bankruptcy court asserting rights to certain assets "held" in "constructive trust" for the claimant is nothing more than that: a claim. Unless a court has already impressed a constructive trust upon certain assets or a legislature has created a specific statutory right to have particular kinds of funds held as if in trust, the claimant cannot properly represent to the bankruptcy court that he was, at the time of the commencement of the case, a beneficiary of a constructive trust held by the debtor.
>
> \* \* \*
>
> Because a constructive trust, unlike an express trust, is a remedy, it does not exist until a plaintiff obtains a judicial decision finding him to be entitled to a judgment "impressing" defendant's property or assets with a constructive trust. Therefore, a creditor's claim of entitlement to a constructive trust is not an "equitable interest" in the debtor's estate existing prepetition, excluded from the estate under § 541(d).

*Id.* at 1449, 1451 (n. 6 omitted).

Here, Bradshaw seeks to intervene so this Court can confer ownership rights in the Real Property on Bradshaw and declare that such rights arose prepetition. Based on the definition of property of the bankruptcy estate in 11 U.S.C. § 541 and the Sixth Circuit's holding regarding constructive trusts in bankruptcy, this Court is not authorized to take the action re-

quested by Bradshaw. Granting Bradshaw's motion to intervene would not promote judicial economy since the law is clear that this Court cannot grant Bradshaw the relief it seeks.

Accordingly, the Motion to Intervene is hereby denied.

**IT IS SO ORDERED.**